```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ANDREW TORO,                                                           :
                                                                       :
                           Plaintiff,                                  :
                                                                       :                22 Civ. 8505 (JPC)
                 -v-                                                   :
                                                                       :                      ORDER
MERDEL GAME MANUFACTURING CO.,                                         :
                                                                       :
                           Defendant.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On January 20, 2023, the Court directed Plaintiff to move for default Judgment by February 8, 2023. Dkt. 13. The Court also directed Plaintiff to serve Defendant with a copy of the Court's prior order via overnight courier, and to file proof of service on the docket no later than January 31, 2023. *Id.* Those deadlines have passed, and the docket does not reflect either proof of service or Plaintiff's motion for default judgment. Accordingly, the deadlines set in the Court's prior order at Docket Number 13 are adjourned.

It is further ordered that no later than February 24, 2023, Plaintiff shall move for default judgment as to Defendant, in accordance with Local Civil Rule 55.2 and 3.D of the Court's Individual Rules and Practices for Civil Cases, or show cause why this case should not be dismissed for failure to prosecute. Pursuant to this Court's Individual Rules, Plaintiff must serve his motion for default judgment and supporting paperwork on Defendant by March 3, 2023, and must file an Affidavit of Service on ECF by March 7, 2023. Defendant shall file any opposition to the motion for default judgment no later than March 17, 2023. Plaintiff shall file any reply no later than March 24, 2023.

Defendant shall appear and show cause at a hearing before this Court on April 11, 2023, at

2:00 p.m., why an order should not be issued granting a default judgment against Defendant. That hearing shall take place telephonically. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261. In the event that Defendant does not appear, Plaintiff's counsel should be prepared to discuss any communications with Defendant or representatives for Defendant regarding the litigation and any intent to challenge the suit, including discussions about the alleged illegal conduct prior to the filing of the lawsuit; how Defendant was served with the Summons and Complaint and this Order; why Plaintiff's counsel is confident that Defendant has been served with those documents and have notice of the hearing; and the method for calculating damages.

The Court notes that "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.3d 61, 65 (2d Cir. 1981) ("[A] district court . . . under Rule 55(b)(2) . . . need not agree that the alleged facts constitute a valid cause of action."). Accordingly, counsel should also be prepared to discuss whether the Complaint alleges a valid cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq. See, e.g.*, *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173, 174 (E.D.N.Y. 2021) ("[T]he ADA excludes, by its plain language, the websites of businesses with no public-facing, physical retail operations from the definition of 'public accommodations.'"); *Martinez v. MyLife.com, Inc.*, No. 21 Civ. 4779 (BMC), 2021 WL 5052745, at *2-3 (E.D.N.Y. Nov. 1, 2021) (same); *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1277 (11th Cir. 2021) ("[W]ebsites are not a place of public accommodation under Title III of the ADA."), *opinion vacated on mootness grounds on panel reh'g*, 2021 WL 6129128 (11th Cir. Dec.

28, 2021).

In the event that Defendant appears in this case and opposes the motion for default judgment prior to the scheduled court appearance on April 11, 2023, that court appearance shall also serve as an Initial Case Management Conference pursuant to 5.B of the Court's Individual Rules and Practices in Civil Cases.

Plaintiff shall serve Defendant via overnight courier with a copy of this Order and file proof of such service on the docket by February 17, 2023. The Court warns Plaintiff that failure to comply with the Court's order, including by moving for default judgment by February 24, 2023 or showing cause for why the case should not be dismissed for failure to prosecute, may in dismissal of the case for failure to prosecute.

SO ORDERED.

Dated: February 10, 2023  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge