UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                                                            :

ANDREW TORO,                                                       :

                          Plaintiff,                                    :

                                                                             :            22 Civ. 8505 (JPC)

              -v-                                                          :

                                                                             :                   ORDER

MERDEL GAME MANUFACTURING CO.,          :

                                                                             :

                      Defendant.                               :

                                                                             :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On January 20, 2023, the Court ordered Plaintiff to move for default judgment no later than February 8, 2023, and to serve Defendant with a copy of the Court's scheduling order by January 27, 2023. Dkt. 13. Plaintiff failed to comply. On February 10, 2023, the Court adjourned those deadlines *sua sponte*, and directed Plaintiff to move for Default Judgment no later than February 24, 2023, and to serve Defendant with a copy of the Court's scheduling order by February 17, 2023. DKt. 14. The Court warned that continued noncompliance may result "in dismissal of the case for failure to prosecute." *Id.* On February 23, 2023, after Plaintiff had failed to file proof of service of the Court's revised scheduling order by his deadline to do so, the Court adjourned sine die Plaintiff's deadline to move for default judgment, and directed Plaintiff to file a letter explaining why he has failed to comply with the Court's two prior orders, and why the Court should not dismiss the case for failure to prosecute. Dkt. 15. Plaintiff filed the letter as directed, on February 24, 2023. Dkt. 16. In the letter, Plaintiff "apologize[d] for [his] failure to abide" by the Court's prior orders, but apart from noting that counsel "regretfully neglected to properly calendar the deadline," provided no explanation for his failure to comply. *Id.* However, the Court agreed to give Plaintiff one final chance, and directed him to file his motion for default judgment no later than March 3, 2023, and

to serve Defendant with a copy of the Court's latest scheduling order and file proof of such service by March 3, 2023.  The Court warned that "[i]f Plaintiff once again fails to comply with any of the above deadlines, the Court will dismiss this case for failure to prosecute."  *Id.*  But Plaintiff once again failed to comply.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  First, Plaintiff has ignored three of the Court's orders.  *See Sanders v. Ramos,* No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal").  Second, the Court warned Plaintiff multiple times that failure to comply would result in the case being dismissed without prejudice.  *See* Dkts. 14, 15, 17.  Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable."  *U.S. ex*

2

*rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021).   Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted).  And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff an additional chance to comply with the Court's orders as a less drastic sanction than dismissal, even after multiple failures to comply with prior orders.  However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

       The Court therefore dismisses this case without prejudice.  The Clerk of Court is respectfully directed to close this case.

       SO ORDERED.

Dated: March 6, 2023
      New York, New York

                                  JOHN P. CRONAN
                               United States District Judge